UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ANTHONY JAMES GRANGER**     **CASE NO. 6:22-CV-06137 SEC P**

**VERSUS**     **JUDGE DAVID C. JOSEPH**

**CARETAKERS NEW IBERIA PARISH**     **MAGISTRATE JUDGE AYO**
**JAIL, ET AL**

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Anthony James Granger on December 6, 2022. Plaintiff is currently incarcerated at the Vermilion Parish Jail in Abbeville, Louisiana, but his claims arise out of incidents that occurred at the Iberia Parish Jail in New Iberia, Louisiana. For the reasons stated below, it is recommended that the claims against "Caretakers New Iberia Parish Jail," "Correctional Officers New Iberia Parish Sheriffs Office," "Medical Staff New Iberia Parish Jail," "Inmate Joshua," and unidentified "DOC Inmates" be dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted.

    **I.**     **Background**

On December 6, 2022, plaintiff filed a civil rights complaint alleging that on an unknown date, while incarcerated at the Iberia Parish Jail as a pre-trial detainee, he was involved in a physical altercation with another inmate, "Joshua," a Department of Corrections inmate, wherein he was hit from behind with a cinder block wrapped in a sheet. (Rec. Doc. 1, p. 3). He alleges that despite telling nurses that "something

was wrong" with his head, neck and back, "they didn't listen," until he refused food for four days, at which time he was taken to a hospital. *Id*. An MRI revealed that his neck was broken in two places. *Id*. Because the hospital had no neurosurgeon, he was transferred to Baton Rouge for emergency surgery. *Id*. He was asked by the doctor in Baton Rouge if he "wanted to cut tonight or wait til [sic] Monday" and he told the doctor he would like to wait until Monday, in hopes of contacting his family. *Id*. He alleges that once "the facility" realized he was staying at the hospital over five days, "they" called him back to the facility, refused to pay for surgery, and kept him on medical lockdown. *Id*. After approximately a month, he was able to contact family, bond out and have one of the two "necessary surgeries." *Id*. Before he was able to have the second surgery, he was incarcerated again. *Id*.

In his request for relief, plaintiff stated that he wanted his "surgery done and paid for as well as the first one paid that [he is] being billed for. *Id*. at p. 4. He is also seeking monetary damages for pain and suffering or dismissal of charges pending against him. *Id*.

The original complaint named the following as defendants: (1) Caretakers New Iberia Parish Jail, (2) Correctional Officers New Iberia Parish Sheriff's Office, (3) Medical Staff New Iberia Parish Jail, (4) Inmate Joshua, and (5) Unknown DOC Inmates. (Rec. Doc. 1).

On March 2, 2023, plaintiff was ordered to amend his complaint to cure certain deficiencies. (Rec. Doc. 5). Specifically, he was ordered to provide specific facts which support the conclusion that his constitutional rights were violated by each person

who is named as defendant. Next, he was informed that because an inmate is not a state actor, the Section 1983 claim against Inmate Joshua and any other inmate should be dismissed. He was ordered to provide some way to identify the unknown "caretakers," correctional officers, and medical staff named as defendants, including physical descriptions, partial names or nicknames, positions, date, time and/or specifics of the incident(s), or from duty rosters and personnel records, records available to the defendants' representative. Finally, he was ordered to amend to provide facts to establish that the defendants displayed a subjective intent to cause harm and that the delay in medical care, from the date of his injury to the date he ultimately had surgery, resulted in substantial harm. Furthermore, to the extent plaintiff contends that he is still in need of medical care, he was ordered to provide details regarding his requests for treatment, what medical attention he has, or has not, received, from whom, and the status of his health and to allege facts to support a claim against each named defendant for denial of medical care.

Plaintiff filed an Amended Complaint on March 31, 2023. (Rec. Doc. 6). Plaintiff identified the caretakers, correctional officers and medical staff he alleges violated his constitutional rights. Accordingly, the defendants named "Caretakers New Iberia Parish Jail," "Correctional Officers New Iberia Parish Sheriffs Office" and "Medical Staff New Iberia Parish Jail" should now be dismissed.

## II.   Law & Analysis

### A. *Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person

acting under color of law; that is, that the defendant was a government actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1. *Claims against Inmate Joshua and Unknown DOC Inmates*

To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. The plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of Section 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id*. Numerous cases have held that an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under Section 1983. *See, e.g., Batiste v. Gusman*, 2013 WL 6095833, at *3 (E.D. La. Nov. 20, 2013) ("It is well settled that an inmate involved in a prison fight is not a person acting under color of state law as required for liability under § 1983."); *Bland v. Terrebonne Parish Criminal Justice Complex*, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009) (same); *Butler v. Jenkins*, 450 F. Supp. 574 (E.D. Tenn. 1978) (same). Because an inmate is not a state actor, the Section 1983 claim against Inmate Joshua, and all other inmates, should be dismissed.

### III. Conclusion

For reasons stated above, **IT IS RECOMMENDED** that claims against "Caretakers New Iberia Parish Jail," "Correctional Officers New Iberia Parish Sheriffs Office" "Medical Staff New Iberia Parish Jail," "Inmate Joshua," and "Unknown DOC Inmates" be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

Claims against the remaining defendants will be addressed in a separate order.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of December, 2023.

_____
David J. Ayo
United States Magistrate Judge